NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ALBERTO ESPINOZA GUTIERREZ, AKA Alberto Espinoza, AKA Alberto Gutierrez, AKA Francisco Mangas, AKA Alberto Ramirez, <br><br> Defendant-Appellant. | Nos. 18-50215 <br>      18-50290 <br><br> D.C. Nos. 2:18-cr-00176-PA-1 <br>      2:11-cr-00992-PA-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 15, 2019[**]

Before: FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

In these consolidated appeals, Alberto Espinoza Gutierrez appeals the 46-month sentence imposed following his guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1326, and the 18-month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Espinoza Gutierrez contends that the government implicitly breached the parties' plea agreement by making allegedly disparaging comments in its sentencing memorandum regarding the seriousness of Espinoza Gutierrez's criminal history. Because Espinoza did not raise this argument in the district court, we review for plain error. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1187 (9th Cir. 2013). The record reflects that, in its sentencing memorandum and at the sentencing hearing, the government stood by its recommendation that Espinoza Gutierrez receive the sentence stipulated in the plea agreement. The government's discussion of Espinoza Gutierrez's criminal history in the portion of its sentencing memorandum addressing the need for a supervised release term was not so inflammatory as to show that the government was "winking at the district court to impliedly request a different outcome." *See United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014) (internal quotation marks omitted). In any event, Espinoza Gutierrez has not shown that any error affected his substantial rights. *See Gonzalez-Aguilar*, 718 F.3d at 1187-90.

Espinoza Gutierrez next contends that the district court erred by failing to explain its decision to reject the parties' joint recommendation that no custodial sentence be imposed for the supervised release violation. We review for plain

error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court sufficiently explained that Espinoza Gutierrez's criminal history, and his failure to be deterred by previous sentences, justified a consecutive 18-month sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**